# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONALD SATISH EMRIT | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GJH-17-2717 |
| LAUREL REGIONAL HOSPITAL | * | |
| Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RONALD SATISH EMRIT | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GJH-17-2763 |
| LAUREL REGIONAL HOSPITAL | * | |
| Defendant | * | |

\*\*\*

## **MEMORANDUM OPINION**

The above-captioned cases are identical in claims asserted and the relief sought. The latter-filed complaint was transferred to this Court from the United States District Court for the Southern District of West Virginia on September 18, 2017. *See* Civil Action GJH-17-2763 at ECF 6. The complaints are identical and the cases shall be consolidated for all purposes. Because he appears to be indigent, Plaintiff's Motion to Proceed in Forma Pauperis shall be granted. For the reasons stated below, the complaint must be dismissed and the consolidated cases closed.

Plaintiff alleges that in May of 2017, he "ended up" in Laurel Regional Hospital because he was experiencing suicidal ideation and was taken there by Prince George's County Police. ECF 1 at p. 3. He states that the social worker at Laurel Regional could not get him admitted to a crisis center in Glen Burnie, Maryland as he had requested and, instead, had him admitted to a crisis center in Hyattsville, Maryland, a city Plaintiff describes as "one of the most dangerous

cities in Prince George's County and Maryland in general." *Id.* He states that the crisis center in Glen Burnie would not accept his medical insurance. *Id.* He claims these events constitute a "material breach of contract." *Id.*

Plaintiff further alleges that the social worker at the Laurel Hospital was negligent because when Plaintiff was discharged he asked the cab driver to take him to the White Flint Mall, which had been demolished. ECF 1 at p. 4. He asserts that the social worker should have informed him that the mall had been demolished and, because he was not so informed, he "had to wander the streets of Rockville, Md and Bethesda, Md" and "became confused, disheveled, and suicidal again." *Id.* Plaintiff states he had to call Montgomery County police to come pick him up "because he was suicidal and confused (stemming from his disappointment that White Flint Mall had been demolished and . . . he had nowhere to hang around and eat and sleep due to his homelessness)." *Id.* Plaintiff concludes that "Laurel Regional Hospital did not hold him long enough to help [him] formulate cohesive thoughts and to come up with a gameplan for survival." *Id.* at p. 5. He seeks damages of $250,000. *Id.* at pp. 5 – 6.

Plaintiff filed both complaints in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the

pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations [but] it must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-723 (4th Cir. 1989).

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The instant complaint does not comply with federal pleading requirements. There is no federal cause of action that arises under the facts as stated by Plaintiff. There simply is no federal law that requires hospital staff to secure admission to a crisis center of Plaintiff's choice, or to advise him of where he should go when he leaves the facility. It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted). Here, there is no discernible claim or injury warranting a response from the named Defendant. Plaintiff's dissatisfaction with the services provided does not state a federal cause of action, nor does it raise even a suspicion that a viable cause of action has arisen on Plaintiff's behalf. Accordingly, by separate Order which follows, the complaint shall be dismissed and the consolidated cases closed.

10/11/2017
Date

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE